UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMAL KENYATTA WALKER,            Civil No. 14-724 (DSD/JJK)

    Petitioner,

v.                                           **REPORT AND RECOMMENDATION**

D.O.C. Comm. TOM ROY,

    Respondent.

---

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a state prison inmate who is currently confined at the Minnesota Correctional Facility at Stillwater, Minnesota. His present application for habeas corpus relief does <u>not</u> challenge the validity of his state criminal conviction or sentence. Instead, Petitioner claims that the Minnesota Commissioner of Corrections has wrongly extended his term of imprisonment by 120 days, without affording him due process. (Petition, p. 6, § 12 "Ground One.") Petitioner apparently is seeking a writ of habeas corpus that would

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

expedite his release date by 120 days.

However, Petitioner has not shown that he has exhausted his available state court remedies for the claims that he is attempting to raise in his current habeas petition. (See Petition, p. 7, §§ 12(c), 12(d), "Ground One.") Therefore, this action must be summarily dismissed.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present all of his federal constitutional claims to the highest available state court before seeking habeas relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66.  See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In this case, there is a remedy available to Petitioner under state law that he has not yet exhausted -- namely a habeas corpus petition to the Minnesota <u>state</u> courts, brought under Minn.Stat. § 589.01.  Minnesota state appellate courts have previously recognized that this statute can be used by a state prison inmate who seeks judicial review of an allegedly unconstitutional action by a state correctional official, which will extend the duration of the inmate's incarceration.  <u>Case v. Pung</u>, 413 N.W.2d 261 (Minn.App. 1987), <u>rev</u>. <u>denied</u>, Nov. 24, 1987.  <u>See</u> <u>also</u> <u>Rud v. Fabian</u>, 743 N.W.2d 295, 297 (Minn.App. 2007) (inmate allowed to seek habeas review of a prison action that took away 90 days of good time as a disciplinary sanction); <u>Burch v. Commissioner of Corrections</u>, A05-1760 (Minn.App. 2006), 2006 WL 1738239, (unpublished opinion) at *3 ("a violation of the right to due process can be challenged under a petition for a writ of habeas corpus").

Because Petitioner has not shown that he has pursued the remedy available under Minnesota's habeas corpus statutes, including the right of appeal under § 589.29, he has not satisfied the exhaustion of state court remedies requirement prescribed by 28 U.S.C. § 2254(b), and a voluminous body of federal case law.  The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases.  However, the Court will further recommend that this action be dismissed without prejudice, so that Petitioner can later return to federal court, (if necessary), after all of his claims have been fairly presented to, and decided on the merits by, the Minnesota state courts – including the Minnesota Supreme Court.  <u>See</u>

Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).[2]

Finally, the Court notes that Petitioner did not pay the $5.00 filing fee for this action, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Having determined that this action should be summarily dismissed due to non-exhaustion, the Court will further recommend that Petitioner's IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).[3]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

---

[2] Petitioner should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (assuming relief is not granted at the state district court level), including the right to seek review in the Minnesota Supreme Court. See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

The Court also notes that if Petitioner elects to pursue his current claims for relief in state court, and if he should ultimately find it necessary to return to federal court after exhausting his state court remedies, he will have to describe the factual and legal bases for his claims in much greater detail. Petitioner's current explanation of his claim for relief is grossly inadequate. If he does not provide a more comprehensive explanation of both the facts and the law on which his claims are based, his chances of any success in any court will be virtually nil.

[3] Based on the information furnished in Petitioner's IFP application, it appears that he should easily be able to pay the nominal $5.00 filing fee for a federal habeas corpus case. Therefore, it is doubtful that Petitioner's IFP application would have been granted, even if his petition could be entertained at this time.

4

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily **DENIED**;

2.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 19, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 4, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.